I reserve, please, two minutes in rebuttal. You may do so. Just keep your eye on the clock. Thank you, Your Honors. This is a case where the district court so constrained the testimony of Mr. Gonzalez's key defense witnesses that it effectively precluded his sole defense. I'm having trouble hearing you. Could you speak a little louder? Thank you, Judge Hall. I will. Again, this is a case where the district court so constrained the testimony of Mr. Gonzalez's key defense witnesses that it effectively precluded him from presenting his sole defense. There are four reasons why this court should reverse in this case. First, the district court completely precluded Dr. McFarlane's expert testimony regarding Mr. Gonzalez's mental condition, even though diminished capacity was Mr. Gonzalez's sole defense in this case, the only thing at issue. Second, this court should reverse because the district court took it one step further by precluding the lay witness testimony of Mr. Gonzalez's sister on this same issue, the issue of his mental condition. These were the two witnesses that Mr. Gonzalez presented in his defense. Both witnesses were shut down on the only issue that mattered in this case, the issue of mens rea, the issue of whether Mr. Gonzalez had the specific intent to reenter the United States without permission. Was there any evidence to suggest that he was under the influence of drugs when he came? Yes, Your Honor, there was. And if I could briefly address that. First, I want to point out that this evidence, the expert testimony was precluded prior to the defense's putting on its case, which I think is very important because we can't really tell now how the trial would have been different had the expert testimony not been precluded before the defense put on its case. In any event, there was evidence that he had been on drugs and that he was intoxicated when he was at the border on that day. In fact, the government's witness, Officer Labarge, testified that he smelled a strong odor of alcohol on Mr. Gonzalez's breath at the border. Defense counsel then called... Did he stagger or didn't stumble, didn't have trouble talking? That's correct, Your Honor. And again, the problem in this case is that the expert testimony was precluded before the defense put on its case. So we can't really predict how the case would have been different had this key testimony not been precluded. In any event, defense counsel did put on Socorro Tirado, the sister of Mr. Gonzalez, to testify regarding her brother's longstanding addiction to drugs and alcohol and tried to lay the foundation to get in testimony regarding his use of drugs and alcohol. She was shut down on relevance grounds, ultimately at a sidebar where the district court told her in no uncertain terms this was not relevant to her defense. This was the defense. This was Mr. Gonzalez's only defense. And by shutting down these two witnesses, he was precluded from presenting it. In this... Was the argument that her testimony wasn't relevant or it wasn't current enough? Your Honor, the district court's ruling in regard to Ms. Tirado was that her testimony was not relevant. Ultimately, at a sidebar, the district court ruled that the testimony was irrelevant. As she tried to lay the foundation for Ms. Tirado's testimony coming in, the objections were repeatedly sustained until finally the district court did call a sidebar and tell defense counsel this testimony is irrelevant. In this case, the district court's ruling in regard to why this expert testimony could not come in was erroneous as a factual matter, but it was also legally erroneous. What's strange in this case is the district court states Dr. McFarlane's expertise does not extend to arenas of psychology and psychiatry. That's not his expertise. But he can testify to the effects of drugs on an individual. That would be relevant. He simply can't testify to the effects of drugs on this individual, this criminal defendant, Mr. Gonzalez. If you think about this ruling, essentially what the district court is saying is he's qualified, he has expertise that's relevant to this jury, I'll allow him to testify to these matters as to people in general, but I won't allow him to testify as to the only person who matters in this case, Mr. Gonzalez. The ruling makes no sense. Dr. McFarlane had examined Mr. Gonzalez, had assessed Mr. Gonzalez. He hadn't examined and assessed individuals in general, yet this district court found that testimony regarding individuals in general was appropriate and relevant here. However, testimony regarding Mr. Gonzalez was not appropriate and relevant. This ruling reflects an erroneous assessment of the facts, a clearly erroneous assessment of the facts, and an erroneous view of the law. The district court simply abused its discretion in this regard. There is no question that Dr. McFarlane was qualified to render the opinion in this case. In fact, the district court certified him as an expert in the field of addiction medicine, and there is no question that by precluding this testimony, in addition to the testimony of Mr. Gonzalez's sister, Socorro Tirado, the district court effectively prevented Mr. Gonzalez from putting his only defense before the jury. What did you want Mr. McFarlane to say about the witness, about the defendant? Well, Your Honor, there are a couple of places in the record where we can get a very good idea of what would have been said had Dr. McFarlane been allowed to testify, and I would refer the court to excerpts of record page 19. Yes, Your Honor. In her opening, defense counsel said, You're going to hear from Dr. McFarlane, an expert in addiction medicine and neuropharmacology. Dr. McFarlane had the opportunity to examine Mr. Gonzalez, and he's going to tell you that Mr. Gonzalez had a serious mental impairment. As you may have learned in Guadir, the source of that mental impairment is 20 years of drug use. Dr. McFarlane would have testified that Mr. Gonzalez had two psychological diagnoses based on his years of addiction and drug use, that he had a polysubstance disorder and that he had amphetamine-induced psychotic disorder with a possible... Your Honor, Dr. McFarlane engaged in an interview and assessment of Mr. Gonzalez very similar to the one performed by the doctor in the case United States v. Finley out of this circuit, where this court did say that the methodology was reliable. The methodology in this case was very similar to that in Finley again. Dr. McFarlane considered the history given by the patient, just as in Finley, the observations of the patient's behavior, just as in Finley, and psychological testing, just as in Finley. Dr. McFarlane went through verbal cognitive tests with Mr. Gonzalez to test his mental condition. Additionally, like the doctor in Finley, Dr. McFarlane relied not only on his testing, his examination, his observations, but also on his many years of experience and training, a factor the court found incredibly important in Finley and that's also important here. It shouldn't be overlooked that Dr. McFarlane did his residency in neurosurgery. He was a medical doctor who had been practicing addiction medicine for 20 years. He was on the- He questioned his expertise. Didn't he say, though, that the defendant was not a very reliable witness in telling his medical history? Your Honor, in this case, I would point the court to its decision in Morales. Can I ask a question? Yes, Your Honor, of course. While he did say that the defendant wasn't an accurate historian, he didn't say that his cognitive tests that he performed were in any way flawed. Furthermore, that would have gone to the weight of the evidence, not to its admissibility. These were certainly things that government counsel could have explored through cross-examination, through presentation of her own witness, through argument. This doesn't go to admissibility, but rather to relevance. He was qualified. He had an opinion that could have assisted the jury in making its determination, and he should have been allowed to present it. I see that I'm down to a minute and 36 seconds. You may reserve. Thank you, Your Honor. Good morning, Your Honors. May it please the Court, Michelle Jennings on behalf of the United States in this matter. If I may jump directly to the issue of expert testimony. What was not clear from the briefs, including the United States brief, is that the issue that the judge excluded the testimony on was very much the fact that this particular witness did not have the proper expertise for the opinion which the defense sought to elicit from him. As defense counsel just indicated, he would have testified to two psychological diagnoses. He is not a psychologist. He's a medical doctor. From the record, we know that he specialized in surgery, that he is an addiction medicine, is certified in addiction medicine, which was only defined by the doctor as him treating people with drug and alcohol problems. There is absolutely nothing in the record that indicates that he has ever diagnosed a mental illness. And that clearly is just a Webster's dictionary. That's what the field of psychology is, someone who diagnoses and treats mental illnesses. And this particular doctor, although very impressive and qualified in other areas of medicine, was not a psychologist. It's as if they asked a podiatrist to treat a kidney ailment. It just wasn't appropriate. And Judge Jones, the district court, could not have been any clearer on that matter. It's very similar to Martinez-Martinez, a case in which Judge Jones, again, had Dr. McFarland proffered as a witness by federal defenders. And in that case, Dr. McFarland was allowed to testify in his area of expertise, which was, let me tell you what happens to the body when these types of drugs are taken. Well, what about the threshold question as to whether or not there was any evidence that he was under the influence of drugs at the time of the entry? I respectfully disagree with counsel indicating that there was evidence that he was on drugs. There was evidence from Officer McFarland that there was the odor of liquor on his breath. That's it. That is the sole evidence that he was under the influence of alcohol. There was no evidence presented at trial that he was under the influence of any type of drug whatsoever. Did he testify at trial that he was a heavy user of drugs? He never testified at trial, Your Honor. Didn't testify at trial. Was there any evidence at all that he was a heavy user of drugs? No. What we have is the testimony of the sister, Ms. Tirado, whose opinion, whose lay opinion was excluded on the basis that there was no foundation given that she had any information about Mr. Gonzalez's drug use close in time to the offense. What she testified to is that back when Mr. Gonzalez was 12, they lived together for a while, and then over the following 22 years, they lived together on and off five times, the longest time for a year. Defense counsel never sought to determine from this witness whether Ms. Tirado had last seen Mr. Gonzalez 10 minutes before the offense or 10 years before the offense. They simply did not lay the proper foundation and were not precluded from doing so. The types of questions that were not allowed by Ms. Tirado were questions such as, have you ever taken Mr. Gonzalez to a rehab clinic? Does anyone else in your family have a problem with drugs and alcohol? Clearly not relevant to whether or not this witness has a rationally based perception of whether this particular individual, Mr. Gonzalez, has a problem with drug and alcohol, and what effect she has seen, personally seen in any time relevant to this offense, how it has affected his mental abilities. So it's simply a failure of following the rules of evidence rather than any erroneous decision by the district court that kept that particular opinion from being presented to the judge, I'm sorry, to the jury. Defense counsel just did not ask appropriate questions, and that is no fault of the judge that she failed to lay the proper foundation, which would have allowed such testimony had the proper foundation been laid. And that was the basis of the government's objection. In addition to relevance, which had not been set forth by Ms. Tirado and through the questioning, the other basis that the government clearly objected on was lack of foundation. There was no evidence that this particular witness had any rational perception of Mr. Gonzalez and any current drug or alcohol addiction that he might have. In terms of the expert opinion, I would note that the clear basis of the judge's ruling was that under 702, this particular witness did not have the expertise for this particular opinion. Not that it wasn't relevant, but that this witness was not the person qualified to render such an opinion. But additionally, I think it is clear that the district court had some real concerns about the methodology that was used. He was very concerned with the fact that the sole basis for the diagnosis and for the opinion set forth in that report that's included in the record was based on talking to the defendant, who he acknowledged was a suspect historian. That was clearly a cause of concern for the judge. And then secondarily, he did note that he inquired, the district court inquired of the doctor, what objective tests did you perform? And the doctor responded, he didn't perform any. So clearly these were issues of concern in addition to the 702 basis of exclusion, why that this doctor's testimony was excluded. Would you address the, is Mr. Gonzalez entitled to a ameline remand or a full vacate and remand for resentencing? What's the government's position on that? The government's position is that he is not entitled to a full remand. At best, he would be entitled to a limited remand. However, I truly believe that there is no showing that the, and no reason to believe that the sentence would be any different on remand. This is not a case in which the low level. We don't require that kind of showing, do we? Don't we just simply assume that so long as the trial judge could not have known at the time that the guidelines were not mandatory, that the defendant should be given a chance to be reviewed in the context that the judge might have done something differently if they were discretionary? That's correct, Your Honor. I would note that this was a mid-range sentence, that every fact regarding any alleged mental disability was already presented before the judge, and there is absolutely no reason to believe any different sentence would occur on remand. Yeah, but do we have, I mean, is that up to us to decide? Don't we have to allow the district judge to make that finding independently? Your Honor, I believe that has been the court's position. I've reviewed several cases. We said that in Moreno v. Hernandez, I believe. Yes, Your Honor. We tend to follow the court's position. I believe that would be a good idea, Your Honor. I guess what interested me, though, was, you know, he did object on Sixth Amendment grounds to the proceedings. Regarding the increase beyond the two-year session? Yeah. Well, Your Honor, they did, and I note that there was a... And there's a footnote enameling that says that when they raise a Sixth Amendment objection that, you know, they may be entitled, Melway may well be entitled to a full remand. Well, Your Honor, I note the Sixth Amendment objection is based on a settled point of law here, that Almendarez-Torres does not permit the increase under 2L1.2, and that's just not the case. There have been at least four published decisions in the last few months post-Booker, which confirms that the type of fact-finding, the type of increase that occurred in this case is absolutely appropriate. Are we talking about the fact of conviction or something different? We are talking... My understanding was that the basis for the Sixth Amendment objection was that the fact... Allegedly more than a fact of conviction that increased the statutory maximum from two years to 20. And I believe there was a letter brief, a 28J letter filed by defense, in which they specifically point to the fact that the judge would have to note the date of deportation. In response, I would note that this is a settled issue. Castillo-Rivera cited very briefly in my brief, but not for this point, put this issue to bed. In that case, they made exactly the same argument, that the temporal relationship between the deportation and the prior conviction on which an increase was to rest was in fact within the purview of the Almendarez-Torres, the recidivism exception, that kind of cut it away from Apprendi. And I see my time is up, but I don't believe that's a valid argument based on Castillo-Rivera, based on the published decision since Booker. And for that reason, I don't believe a full remand is warranted, Your Honor. Is Judge Jones still sitting? Yes. Yes, he is. He is. Thank you, Counsel. Thank you very much. Ms. Rogers, you have some reserve time. Thank you, Your Honors. I'd like to make three very brief points. First, I want to point out again this expert testimony was precluded before Mr. Gonzales put on his defense. We can't know now how the presentation of evidence would have been different. But wasn't the defense known at that time? Wasn't that, I mean, wasn't that on the table or not? The Daubert hearing came before the defense put on its witnesses. So the defense was affected by the ruling. The presentation of evidence was affected by the ruling. We can't know now whether or not the defendant would have testified had there been a different ruling. Was there a prior doctor that made a determination shortly after this ban was put down? The government's doctor made a competency determination, Your Honor, in which they also diagnosed him with bipolar disorder. They did find that he was competent to stand trial. The government could have put on that expert to rebut anything that it found shaky in Dr. McFarlane's testimony. In regards to Dr. McFarlane's qualifications, I just want to point out one more time that he would have testified to the effects of drugs and addiction on Mr. Gonzales. He was certified to testify to that in regard to people in general. Surely if he was qualified to testify to people in general, he was qualified to testify in regard to Mr. Gonzales. So the idea that the expertise wasn't here or that it wasn't relevant simply isn't right. In regards to the Ammaline remand, an Ammaline remand is not appropriate in this case. This was preserved error. This was preserved Sixth Amendment error. There was a Blakely objection made. This is absolutely preserved error distinct from Ammaline, and it falls into the Ammaline footnote. And what's the basis of the preserved error? The basis, it was a Blakely objection, Your Honor, in regard to the ---- The whole sentencing guidelines, wasn't it? That is, you raised Blakely as a Sixth Amendment challenge to the guidelines. That's correct, Your Honor. We leveraged Blakely to make our objection in that case. So I do believe it is the type of preserved error that Ammaline addressed. To what extent are we talking about an issue over the fact of the prior conviction? Your Honor, that is an issue as well. However, our objections to the pre-sentence report and our objections at sentencing were quite broad. And some of what Ms. Jennings was addressing, there's some overlap there between the Blakely objection, the Apprendi, the Almendarez-Torres issues. But this is definitely preserved error within the Ammaline footnote. I would also point out that in this case, Ammaline remand is necessary as a pragmatic matter. His mental health, his addictions were at stake under the guidelines. These couldn't be considered by the district court. They can be considered now. And we can't be sure what the sentence would be. I didn't think you would object to an Ammaline remand, notwithstanding the fact that you prefer a full vacating of the sentence, right? Of course, Your Honor. Thank you. Thank you. Counsel, the case just argued will be submitted for decision.
judges: Hall, O'scannlain, Paez